IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Tonya Spriggs, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Cloud Willis & Ellis, LLC, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and for violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1. Plaintiff, Tonya Spriggs, is a natural person who resides in Cobb County, Georgia.

2. Defendant, Cloud Willis & Ellis, LLC, is a limited liability corporation formed under the laws of the State of Alabama and not registered to do business in

1

Georgia. Defendant may be served with process via its registered agent, Brian M Cloud, at 3928 Montclair Road, Suite 227, Birmingham, Alabama 35213.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the events occurred in Cobb County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical visit and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8.     Defendant is a law firm that devotes considerable resources to, and generates substantial revenue from, the collection of consumer debt.

9.     Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

10.    Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11.    Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.    Defendant had reported adverse information on Plaintiff's credit report.

13.    On or about June 12, 2020, Plaintiff called Defendant in response to the credit reporting.

14.    During the phone call, Plaintiff advised Defendant that she could not receive phone calls between 8:00 a.m. and 6:00 p.m. because she was at work and could lose her job for receiving phone calls.

15.    Plaintiff did seek to bar the Defendant from calling her at any hour otherwise permitted by law; for example, between 6:00 p.m. and 9:00 p.m.

16.    Defendant's representative acknowledged her request.

17.    Yet, Defendant called Plaintiff on July 14th at 2:30 p.m. while Plaintiff was at work.

18. Defendant's actions caused Plaintiff anxiety and worry that she was going to lose her job for receiving phone calls while she was at work.

19. Defendant took time out of her day to seek the advice of counsel regarding the Defendant's phone calls while she was at work.

## **INJURIES-IN-FACT**

20. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

21. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

22. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

23. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

24. Defendant's acts and omissions caused particularized harm to the Plaintiff in that she was suffered worry and anxiety that she was going to be fired for receiving phone calls at work, and also that she took time to discuss this debt with counsel in response to the calls.

25. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing

## **DAMAGES**

26. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry due to concerns that she might be fired for receiving phone calls while at work.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

27. Plaintiff incorporates by reference paragraphs 1 through 26 as though fully stated herein.

*Violations of 15 U.SC. § 1692c and subparts*

28. A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

29. Defendant had direct and actual knowledge that the Plaintiff could not receive calls while at work without jeopardizing her position.

30. Defendant's call(s) as described herein violated 15 U.S.C. § 1692c(a)(3).

*Violations of 15 U.SC. § 1692d and subparts*

34. Defendant's phone calls to Plaintiff during hours which Defendant knew Plaintiff could not receive phone calls were intended to harass, abuse, embarrass, and intimidate the Plaintiff.

35. Defendant's conduct violated 15 U.S.C. § 1692d.

31. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, *et seq.*

32. Plaintiff incorporates by reference paragraphs 1 through 31 as though fully stated herein.

33. O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

34. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

35. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

36. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

37. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

38. Defendant's conduct has implications for the consuming public in general.

39. Defendant's conduct negatively impacts the consumer marketplace.

40. Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

41. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

42. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

43. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

44. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

45. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k ;

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d);

and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of July, 2020.

                                 **BERRY & ASSOCIATES**
                                 */s/ Matthew T. Berry*
                                 Matthew T. Berry
                                 Georgia Bar No.: 055663
                                 *matt@mattberry.com*
                                 2751 Buford Highway, Suite 600
                                 Atlanta, GA 30324
                                 Ph. (404) 235-3300
                                 Fax (404) 235-3333

                                 */s/ Chris Armor*
                                 Christopher N. Armor
                                 Georgia Bar No. 614061
                                 P.O. Box 451328
                                 Atlanta, GA 31145
                                 Phone 470-990-2568
                                 Fax 404-592-6102
                                 *chris.armor@armorlaw.com*
                                 Plaintiff's Attorneys